IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WILLIAM CRAFT,<br><br>                    Plaintiff,<br><br>vs.<br><br>LOWELL BURRIS, PAUL<br>CZERKOVICH, JOHN AEROSMITH,<br>and STILLWATER MINING<br>COMPANY,<br><br>                    Defendants. | CV 16-166-BLG-TJC<br><br><br>**ORDER** |

Plaintiff William Craft brings this action under 29 U.S.C. § 2615(a) against Lowell Burris, Paul Crnkovich, John Arrasmith,[1] and Stillwater Mining Company ("Stillwater") (collectively, "Defendants").  Pending is Defendants' Motion to Dismiss under Rule 12(b)(6) (the "Motion").  (Doc. 6.)  As discussed below, the Court grants Defendants' Motion.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, because Craft asserts claims under 29 U.S.C. § 2615(a) for alleged violations of rights under the Family Medical Leave Act ("FMLA").

---

[1] The defendants represent that their last names are "Crnkovich" and "Arrasmith," not "Czerkovich" and "Aerosmith" as depicted in the Complaint, but they do not dispute that they are the named defendants. (Doc. 7 at 2.)

I.      **Background**

For purposes of the pending motion, the Court accepts as true all factual allegations contained in the Complaint (Doc. 1), and construes them in the light most favorable to Craft.  *Kneivel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Craft's Complaint contains the following factual allegations.

Stillwater owns and operates the East Boulder Mine in Montana.  Stillwater employed Craft until December 14, 2014.  Defendants Burris, Crnkovich, and Arrasmith also were agents and employees of Stillwater.  (Doc. 1 at ¶ 4.)  On or about December 14, 2014, during a joint telephone conference call, Stillwater terminated Craft's employment, effective November 30, 2014.  The decision to terminate was memorialized in writing and signed by Burris.  (*Id.* at ¶ 5.)

Craft suffered from gastrointestinal disorders.  In 2014, prior to his termination, Craft took an undisclosed amount of leave, and had also requested an undisclosed amount of FMLA leave. (*Id.* at ¶ 9.)

Craft alleges in Count I of his Complaint that Defendants denied and interfered with his FMLA rights, and in Count II that Defendants retaliated against him for the exercise of those rights.  (*See generally* Doc. 1).  Craft claims that the interference and retaliation resulted in his termination, which caused him to suffer damages, including: (1) loss of wages and benefits; (2) deterioration of his physical condition; (3) medical expenses; and (4) unspecified out of pocket costs.  (*Id.* at ¶

2

1.)  Craft also seeks equitable relief, including but not limited to employment reinstatement.  (*Id.*)

## II.    Parties' Arguments

Defendants advance several arguments in support of their Motion.  (Doc. 7 at 3-12.)  First, Defendants argue that Craft has not alleged sufficient facts to state a claim of interference under the FMLA.  Specifically, defendants maintain that Craft has not alleged facts to establish his FMLA eligibility.  They argue that his claims are based on the premises that Craft was eligible for FMLA and that Stillwater was an employer under the FMLA, but the Complaint does not allege facts supporting either premise.  Rather, Defendants argue, Craft summarily concludes that he was eligible for FMLA benefits and that Stillwater was an FMLA employer.  (*Id.* at 4-7.)  Defendants further argue that Craft did not allege facts to show the Defendants' wrongdoing, and simply state that Defendants interfered with his FMLA rights without any factual basis.  (*Id.* at 7-9.)

The Defendants also contend that Craft has not alleged facts to state a claim for retaliation under the FMLA.  In this regard, Defendants argue that Craft failed to allege facts to show when he requested leave, for what purpose, from whom the leave was requested, who denied the leave, and the temporal relationship between the leave request and his termination.  Without these factual allegations,

Defendants contend, Craft has not sufficiently alleged a claim for retaliation.  (*Id.* at 9-10.)

Additionally, Defendants argue that the Complaint fails to state a claim against Burris, Crnkovich, and Arrasmith in their individual capacities, because the Complaint includes nothing but a formulaic recitation of the elements required for personal liability.  (*Id.* at 10-12.)

In response, Craft argues that: (1) Defendants are aware of the factual basis for the claims because Craft filed an administrative complaint with the Department of Labor after his termination (Doc. 10 at 2-3); (2) the omitted factual allegations are more properly asserted as affirmative defenses, and thus are not Craft's burden to plead (*Id.* at 3-5); and (3) if the Court deems the Complaint deficient in some manner, Craft should be allowed the opportunity to amend to cure the Complaint (*Id.* at 4-6).

In reply, Defendants argue that: (1) Craft bears the burden to prove an employee's eligibility and an employer's FMLA coverage as elements of an FMLA claim; thus, those requirements are not affirmative defenses (Doc. 11 at 1-3); (2) Craft does not address any of the authority Defendants cited for the proposition that Craft's Complaint must contain more than a recitation of elements of FMLA interference and retaliation claims in order to survive a motion to dismiss

(*Id.* at 3-4); and (3) Defendants concede that Craft may be entitled to amend, but argue that does not provide grounds to deny the motion to dismiss (*Id.* at 4-6).

## III.   Legal Standard

"Dismissal under Rule 12(b)(6) is proper only when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). The Court's standard of review under Rule 12(b)(6) is informed by Rule 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility evaluation is "context specific," in which courts must "draw on… judicial experience and common sense." *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (quotations omitted).

A court considering a Rule 12(b)(6) motion must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See e.g.*, *Wyler Summit P'ship v. Turner Broad. Sys., Inc.* 135 F.3d 658, 661 (9th Cir. 1998). However, "bare assertions… amount[ing] to nothing more than a 'formulaic recitation of the elements'…for the purposes of ruling on a motion to dismiss are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). Such assertions do nothing more than state a legal conclusion, even if the conclusion is cast in the form of a factual allegation. *Id.*

## IV.    Discussion

Craft's Complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and therefore must be dismissed. *Iqbal*, 556 U.S. at 678. The only factual allegations contained in the Complaint are that Craft was an employee of Stillwater; Burris, Crnkovich, and Arrasmith were employees of Stillwater; Craft was terminated from Stillwater; and some time prior to Craft's termination, he had requested/taken FMLA leave for gastrointestinal disorders. As discussed below, these allegations are not sufficient to allow the Court to draw the reasonable inference that Defendants are liable to him for either of the claims he alleges. *See Iqbal*, 556 U.S. at 678.

6

At the outset, it is important to distinguish between the interference claim Craft alleges in Count I, and the retaliation claim he alleges in Count II.  The FMLA sets forth two types of claims, one for interference with FMLA rights (29 U.S.C. § 2615(a)(1)), and the other for retaliation for opposing practices that violate the FMLA (29 U.S.C. § 2615(a)(2) and (b)).  *See Gressett v. Central Ariz. Water Cons. Dist.*, 2014 WL 4053404 (D. Ariz. Aug. 14, 2014).  These claims are often confused.  The confusion may arise in part because the FMLA-implementing regulations describe 29 U.S.C. § 2615(a)(1)'s prohibition against interference as prohibiting an employer from "discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise FMLA rights." 29 C.F.R. § 825.220(c).  The Ninth Circuit has clarified, however, that a claim alleging that an employer has taken adverse action against an employee for the employee's exercise of his FMLA rights is properly classified as an interference claim under 29 U.S.C. § 2615(a)(1) and not as a retaliation claim under 29 U.S.C. § 2615(a)(2) or (b).  *See Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001).

With respect to a retaliation claim under 29 U.S.C. § 2615(a)(2) and (b), the Ninth Circuit has explained, "[b]y their plain meaning, the anti-retaliation or anti-discrimination provisions do not cover visiting negative consequences on an employee simply because he has used FMLA leave." *Id*.  That circumstance

describes an interference claim and not a retaliation claim, regardless of whether the employer can be said to have "retaliated" against the employee in the vernacular.  The claim becomes a retaliation claim under Section 2615(a)(2) only "where an employee is punished for *opposing* unlawful practices by the employer." *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1136 (9th Cir. 2003) (emphasis in original).  A retaliation claim can also arise under Section 2615(b), "which prohibits discrimination against any individual for instituting or participating in FMLA proceedings or inquiries."  *Bachelder*, 259 F.3d at 1124.

### A.  Craft Fails to State a Claim for Retaliation under the FMLA

With those distinctions in mind, it is apparent that Craft's Complaint does not state a claim for FMLA retaliation.  Other than the allegation that Defendants terminated Craft for exercising his FMLA rights (Doc. 1 at ¶¶ 7, 9), there is no allegation that Defendants either punished Craft for opposing unlawful practices, or discriminated against him for instituting or participating in FMLA proceedings or inquiries.  Under his retaliation claim in Count II, Craft simply alleges that "[e]ach defendant illegally retaliated against Plaintiff because [Plaintiff] acted to exercise his rights under the FMLA."  (Doc. 1 at ¶ 16).  Under Ninth Circuit precedent, Craft is alleging an interference claim under 29 U.S.C. § 2615(a)(1) and not a retaliation claim under 29 U.S.C. § 2615(a)(2) or (b).  Accordingly, the Court

will dismiss Count II of Craft's Complaint for failure to state a plausible FMLA retaliation claim.  The Court now turns to Craft's interference claim.

## B.  Craft Fails to State a Claim for Interference under the FMLA

In order to establish a claim for interference, a plaintiff must show the following: (1) he is an eligible employee; (2) his employer is covered under the FMLA; (3) he was entitled to take leave; (4) he gave notice of his intention to take leave; and (5) the defendant denied him the benefits to which he was entitled under the FMLA.  *Sanders v. Newport*, 657 F.3d 772, 778 (9th Cir. 2011).  The plaintiff has the burden under Rule 12(b)(6) to allege sufficient facts to support a reasonable inference that these elements are satisfied.  *See e.g.*, *Lacayho v. Donahoe*, 2015 WL 3866070, *8 (N.D. Cal. June 22, 2015) (holding that pure conclusory allegations of elements defined by the FMLA do not comply with the pleading standards set forth in *Iqbal* and *Twombly*); *Reyes v. Fircrest Sch.*, 2012 WL 5878243, *2 (W.D. Wash. Nov. 21, 2012) (holding that failure to allege facts, including facts indicating whether plaintiff was eligible for FMLA protections, warrants dismissal); *Bonzani v. Shinseki*, 2011 WL 4479758, *6 (E.D. Cal. Sept. 26, 2011) (holding that a claim will be dismissed unless the plaintiff alleges facts demonstrating an element or facts that would allow the court to draw such inferences).

9

In order to be an "eligible employee," and thus establish the first element of an FMLA interference claim, the employee must establish that he has been employed by the employer for at least twelve months, and has worked 1,250 hours during the twelve-month period preceding the leave.  29 U.S.C. § 2611(2). Additionally, in order to establish that an employer is covered under the FMLA, as required by the second element, it must be shown that the employer employs fifty or more employees.  29 U.S.C. § 2611(4).

In Craft's Complaint, he does not allege any facts from which the Court may reasonably infer that he is an eligible employee or that his employer is covered under the FMLA.  The Eleventh Circuit has found that such an omission renders a FMLA complaint deficient.  *Surtain v. Hamlin Terrance Found.*, 789 F.3d 1239, 1247-1248 (11th Cir. 2015).  *Surtain* involved a review of the district court's denial of an employee's motion for default judgment.  Nevertheless, the Eleventh Circuit Court applied a standard "akin to that necessary to survive a motion to dismiss for failure to state a claim," characterizing a motion for default judgment as a "reverse motion to dismiss for failure to state a claim."  *Id.* at 1245.

Applying this standard, the Court found that the failure to allege sufficient facts to establish both the employee's eligibility and employer's coverage under the FMLA was fatal to the complaint.  The Court emphasized that "[w]ell-pleaded *facts* are required," and pointed out that the employee "did not allege that she had

10

worked at least 1,250 hours," nor did she allege "facts about home many people [her employer] employed." *Id.* at 1247-48 (emphasis in original). She merely included a "conclusory allegation that [her employer] is a covered employer." *Id.* at 1248. The Court, therefore found that her complaint "contained insufficient allegations to state a plausible claim under the FMLA…" *Id.*

Similarly, in *Hager v. Arkansas Department of Health*, 735 F.3d 1089 (8th Cir. 2013), the Eighth Circuit found the district court erred in denying a motion to dismiss an FMLA complaint for failure to allege sufficient facts. In so holding, the Eighth Circuit Court recognized that the FMLA requires an employee to provide notice of an intent to take leave and when the employee anticipates returning to work. *See* 29 C.F.R. §§ 825.302 & 825.303. The Court found that plaintiff's complaint was not sufficient to state a claim under the FMLA "because [the employee] failed to plead notice of intent to take FMLA leave, and that she was qualified for that leave…." *Id.* at 1017.

In the present case, the Complaint does not allege how long Craft was employed at Stillwater or the number of hours that Craft worked to support an inference that he is an eligible employee. Additionally, Craft fails to allege how many people are employed at Defendants' worksite to support the inference that Stillwater is an eligible employer for the FMLA. Craft merely alleges that "Plaintiff was an eligible employee under the FMLA," and "Defendants were each

11

an employer under the FMLA."  (Doc. 1 at ¶ 8.)  These assertions are merely

repetitions of the elements of the claim and are not supported by any facts.  As

such, Craft has not alleged sufficient facts from which the Court can infer that he is

an eligible employee under the FMLA or that his employer is covered by the act.

Perhaps more significantly, however, even if the eligibility and coverage

requirements were met, Craft has not alleged sufficient facts to allow the Court to

draw the reasonable inference that the Defendants are liable for the misconduct

alleged.  The Complaint is devoid of any facts tending to establish any relationship

between the exercise of Craft's FMLA rights and his termination.  As the

Defendants point out, Craft does not allege when he requested FMLA leave; from

whom he requested leave; who denied the leave; the purpose for the requested

leave; nor any other facts establishing any temporal or factual relationship between

his request for leave and his termination.

Craft nevertheless argues that the filing of his administrative complaint with

the Department of Labor ("DOL") caused Defendants to be "fully informed of the

details giving rise to the complaint during the course of the administrative

investigation." Craft cites no authority supporting the proposition that an

administrative filing relieves him of his Fed. R. Civ. P. 8(a)(2) obligation to plead

sufficient facts to state a plausible claim for relief.  (*See* Doc. 1 at 2-3.)  Moreover,

even if the administrative proceeding did alert Defendants to facts sufficient to

state a plausible claim for relief, Craft has not presented those facts to this Court, and the Court has no way of determining whether those facts would actually cure the defects in Craft's Complaint.

Accordingly, Count I of Craft's complaint will also be dismissed for failure to state a plausible FMLA interference claim.

### C.      Craft Fails to State a Claim for Individual Liability

Though the Court must dismiss Craft's Complaint for the reasons discussed above, it is prudent to address another deficiency in Craft's pleading in order that it may be addressed if he chooses to file an amended complaint.

Under the FMLA, the term "employer" includes "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer."  29 U.S.C. § 2611(4)(A)(ii)(I).  Under this definition, supervisors may be held individually liable under the FMLA; however, "which supervisors qualify is not a straightforward matter."  *Hibbs v. Dep't of Human Res.*, 273 F.3d 844, 872 (9th Cir. 2001).  The Ninth Circuit has noted the similarities between the FMLA and the Fair Labor Standards Act ("FLSA"), and has indicated that whether a supervisory employee serves as an employer for statutory purposes depends on a number of factors, such as the degree of authority and control.  *Id.*  If the FSLA standard is applied, the Court would employ the FLSA's "economic reality" test to analyze individual liability.  Under that analysis, the Court considers factors

13

including "whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of payment, (3) determined the rate and method of payment, and (4) maintained employment records." *Moreau v. Air France*, 356 F.3d 942, 947 (9th Cir. 2004) (quotations omitted).

The Complaint alleges that Burris, Crnkovich, and Arrasmith "participated in (1) hiring and firing employees, (2) supervising and controlling employee work schedules or conditions of employment, (3) determining the rate and method of payments, [and] (4) maintaining employment records relevant to the claims made herein[.]" (Doc. 1 at ¶ 4.)  Once again, these bare assertions are nothing more than a formulaic recitation of the elements of the claim, and are not entitled to a presumption of truth. *See Moss*, 572 F.3d at 969. Therefore, Craft's allegations against Burris, Crnkovich, and Arrasmith in their individual capacities are not sufficient to state a claim, even if Craft's claims against Stillwater had survived.

### D.    Leave to Amend

If a Rule 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without prejudice, and with or without leave to amend.  "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation

of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Craft has failed to state a claim upon which relief can be granted, and his claims are subject to dismissal.  Because it may be possible to cure these defects by alleging additional facts, Defendants' Motion will be granted without prejudice and with leave to amend.

## V.      Conclusion

For the foregoing reasons, IT IS ORDERED that Defendants' Motion to Dismiss (Doc. 6) is GRANTED, and Craft's Complaint is hereby DISMISSED without prejudice.

IT IS FURTHER ORDERED that Craft is granted leave to amend his Complaint.  Craft shall file his amended complaint within twenty-one (21) days of the date of this Order.  Should Craft fail to do so, this case will be closed.

DATED this 30th day of October, 2017.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge